**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | |
|---|---|
| MICHAEL ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-CV-214 |
| ) | (Phillips) |
| PRIMESOURCE BUILDING PRODUCTS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's Motion for Entry of Judgment [Doc. 15] and Motion to Dismiss for Lack of Jurisdiction [Doc. 17]. On August 22, 2008, plaintiff filed a notice of his acceptance of defendant's offer of judgment in the amount of $20,000 under Rule 68 of the Federal Rules of Civil Procedure [Doc. 14], and defendant now moves the court to enter this judgment. Defendant likewise moves the court to dismiss the action under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that judgment rendered the case moot and thereby deprived this court of subject-matter jurisdiction.

**I.      Entry of Judgment Under Rule 68**

Rule 68 of the Federal Rules of Civil Procedure provides,

> More than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 10 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5 (1985). As the Sixth Circuit has stated, "Rule

68 ... leaves no discretion in the district court to do anything but enter judgment once an offer has been accepted...." *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991).

The court finds that the parties have met the requirements of Rule 68(a) with respect to its time limitations and the requisites of proper notice, and accordingly defendant's Motion for Entry of Judgment [Doc. 15] is granted. The parties having given notice that plaintiff accepted an offer of judgment in the amount of $20,000 [Doc. 14], the court directs the Clerk to enter judgment for plaintiff in the amount of $20,000.

## II.     Motion to Dismiss

Defendant moves the court to dismiss this case under 12(b)(1) for lack of subject-matter jurisdiction, arguing that the acceptance of its offer renders the case moot.

It is clear that entry of judgment in plaintiff's favor settles his claims and effectively ends the controversy, and accordingly dismissal is appropriate. The resolution of plaintiff's claims, however, does not remove the court's subject-matter jurisdiction; it simply, as defendant notes, renders moot the controversy that brought the parties before the court, leaving nothing further for the court to determine. *See, e.g.*, Erwin Chemerinsky, *Federal Jurisdiction* 126 (4th ed. 2003) ("[I]f the parties settle the matter, a live controversy obviously no longer exists."). Accordingly, the court finds that dismissal is appropriate, albeit not under Rule 12(b)(1) as defendant seeks. Defendant's motion is granted as to defendant's request for dismissal.

## III.    CONCLUSION

In sum, defendant's Motion for Entry of Judgment [Doc. 15] is **GRANTED**, whereby

the Clerk of Court is instructed to enter judgment in favor of the plaintiff in the amount of $20,000.  The controversy between the parties having been resolved, this action is hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge